UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BERNARD SPAIN, JOAN SPAIN, and THE DUNCAN
FAMILY TRUST by L.E. DUNCAN, TRUSTEE,

                              Plaintiffs,

                  v.

DEUTSCHE BANK, ALEX BROWN, a Division of
DEUTSCHE BANK SECURITIES, INC., ARTHUR
KREIDEL, MARK YOUNG, ARAVALI FUND, LP,
and ARAVALI PARTNERS, LLC,

                              Defendants.

**MEMORANDUM &
ORDER**

08 Civ. 10809 (LBS)

---

SAND, J.,

    Before this Court is a motion by Plaintiff seeking reconsideration of the Court's

Memorandum and Order ("Order") entered September 18, 2009.  *See Spain v. Deutsche Bank*,

No. 08 Civ. 10809, 2009 WL 3073349 (S.D.N.Y. September 18, 2009).  The Court found that

Plaintiffs could not establish reasonable reliance on the alleged misrepresentations and dismissed

Plaintiffs' claims against Defendants Aravali Fund, LP, Aravali Partners LLC, and Mark Young.

This Court found that Plaintiffs allegations regarding reasonable reliance on alleged

misstatements were insufficient in light of the Offering Materials provided to Plaintiffs prior to

their investment.  In the instant motion, Plaintiffs urge the Court to reconsider this decision,

alleging that the Plaintiffs did not, in fact, receive the Offering Materials prior to investment.

    A motion for reconsideration is only appropriate "where the movant demonstrates that the

Court has overlooked controlling decisions or factual matters that were put before it on the

underlying motion, and which, had they been considered, might have reasonably altered the

1

result before the court."  *Nakano v. Jamie Sadock, Inc.*, No. 98 Civ. 0515, 2000 WL 1010825, at

*1 (S.D.N.Y. July 20, 2000) (internal citations omitted).  A motion for reconsideration is "neither

an occasion for repeating old arguments previously rejected nor an opportunity for making new

arguments that could have been previously advanced." *Regent Insurance Co. v. Storm King

Contracting*, No. 06 Civ. 2879, 2008 WL 1985763, at *1 (S.D.N.Y. May 7, 2008).

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality

and conservation of scarce judicial resources."  *USA Certified Merchants, LLC v. Koebel*, 273 F.

Supp. 2d 501, 503 (S.D.N.Y. 2003).

Plaintiffs allege that the Court erred in finding that Plaintiffs received the Offering

Materials prior to their investment.  Plaintiffs argue that there are factual disputes as to the

timing of the authorization of the release of funds, the actual release of funds to Aravali, the

receipt of the Offering Materials, and the signing of Subscription Agreements.  Plaintiffs contend

that these facts are relevant because the time of investment for the Court's purposes is the time

when the transfer of funds was made.  They rely heavily on *Radiation Dynamics Inc. v.

Goldmuntz*, 464 F.2d 876 (2d Cir. 1972), for this proposition.  We note at the outset that

Plaintiffs did not cite *Radiation Dynamics* in their underlying brief and raise this argument for

the first time in the instant motion.  For this reason alone, reconsideration is not appropriate.  *See

Nakano*, 2000 WL 1010825, at *1.  But, regardless, Plaintiffs' argument is without merit.

*Radiation Dynamics* addressed the issue of what the proper date was to determine the

materiality of inside information.  *Radiation Dynamics*, 464 F.2d at 890-91.  The Court of

Appeals for the Second Circuit stated that Rule 10b-5 "was not intended to provide an escape

hatch through which disgruntled buyers or sellers could avoid transactions."  *Id.* at 891.

Therefore, the Court used a "commitment theory" to find that where a party fulfills contractual

2

obligations to sell or purchase a security that arose prior to the party's knowledge of material inside information, then that party cannot be said to have used that information in connection with the purchase or sale of that security. *Id.* Plaintiffs attempt to use *Radiation Dynamics* to establish that the time of "purchase or sale" in the instant case is the date upon which the money was in Defendants' control. *Radiation Dynamics* is simply not relevant to the instant case, and nothing in it supports this argument.

Even under Plaintiffs reading of *Radiation Dynamics*, their claim fails. Plaintiffs allege that by accepting Plaintiffs' money, Defendants indicated their commitment. This allegation is contradicted by the plain language of the Offering Materials. The steps to an investment in the Aravali Limited Partnership are explicitly stated in the Private Placement Memorandum and Limited Partnership Agreement: "Each Person who subscribes for the first time for an Interest shall be admitted as a Partner at the time (i) such Person executes a Subscription Agreement agreeing to be bound by the provisions thereof and hereof, (ii) the General Partner, in its discretion, accepts such Subscription Agreement on the Fund's behalf, and (iii) the subscriber makes the Capital Contribution required pursuant to the terms of this Agreement and its Subscription Agreement." (Def.'s Opp. 7.) Since no mutual binding commitment existed until the General Partner accepted the executed Subscription Agreement, Plaintiffs' investment could not have been complete at the time they received the Offering Materials. Therefore, the timing of when Plaintiffs authorized a transfer of funds and when Aravali received those funds is not relevant. Plaintiffs were required to read and execute the Subscription Agreement prior to the completion of the investment. Even after Plaintiffs reviewed and signed the Subscription Agreement, the investment was not complete until the General Partner had accepted the

Subscription Agreement. Therefore, based on the plain language of the Offering Materials,

Plaintiffs have failed to sufficiently plead reasonable reliance.

Defendant's Motion for Reconsideration is denied. Plaintiffs' claims against the Aravali

Defendants are dismissed with prejudice.

**SO ORDERED.**

Dated: _Dec, 7_ , 2009
New York, NY

_____
U.S.D.J

4